# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL SESSION, 1995

**FILED**

September 19, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9409-CR-00345** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BLOUNT COUNTY** |
| **VS.** | ) | |
| | ) | **HON. D. KELLY THOMAS, JR.** |
| **CARL STEVEN MCGILL,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF THE CIRCUIT COURT OF BLOUNT COUNTY

**FOR THE APPELLANT:**

NATALEE STAATS HURLEY
Assistant Public Defender
318 Court Street
Maryville, TN 37804

**FOR THE APPELLEE:**

CHARLES W. BURSON
Attorney General and Reporter

CYRIL V. FRASER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

MIKE FLYNN
District Attorney General

PHILIP H. MORTON
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant appeals from the trial court's imposition of consecutive sentences upon resentencing the Defendant after the Defendant violated the terms of the community corrections sentence previously ordered by the trial court. We affirm the judgment of the trial court.

On January 26, 1993, the Defendant entered an open-ended plea of guilty to one count of the Class B misdemeanor of illegal possession of a credit card,[1] seven counts of the Class A misdemeanor of fraudulent use of a credit card,[2] and seven counts of the Class E felony of forgery.[3] He was subsequently sentenced to six months for possession of the credit card, eleven months and twenty-nine days for each of the convictions for fraudulently using a credit card, and four years on each of the forgery convictions. All the sentences were ordered to be served concurrently except for one four-year sentence for forgery, which was ordered to be served consecutively to one of the Class A misdemeanor convictions, for an effective sentence of five years.

On May 17, 1993, in the same court, the Defendant was convicted on his plea of guilty to the offense of assault.[4] For this Class A misdemeanor conviction, he was sentenced to eleven months and twenty-nine days, concurrent with his prior sentences.

---

[1]Tenn. Code Ann. § 39-14-118(a).

[2]Tenn. Code Ann. § 39-14-118(b).

[3]Tenn. Code Ann. § 39-14-114.

[4]Tenn. Code Ann. § 39-13-101.

The Defendant subsequently filed a motion requesting the trial court to amend his sentence by placing him in the community corrections program. Pursuant to this motion, the trial court modified the sentence by allowing the Defendant to serve the sentence in community corrections.

Several months after the Defendant started serving his community corrections sentence, a warrant was filed alleging that the Defendant had violated the terms and conditions of his sentence. The warrant alleged, among other things, that the Defendant failed to attend drug treatment sessions, failed to report for scheduled appointments, failed to perform the community service work which had been ordered, failed to pay on his court costs, failed to pay his supervision fee, and failed to report that he was fired from his job. The trial court found that the Defendant had indeed violated the terms of his community corrections, and the Defendant takes no real issue with that finding. It is clear that the Defendant violated the terms of his sentence which allowed him to be released in the community.

After ruling that the Defendant had violated the terms of his community corrections sentence, the trial court determined that it would resentence the Defendant. The court conducted a sentencing hearing. The court sentenced the Defendant to the same sentence for each of the convictions but ordered that one of the four-year sentences would run consecutively to the other four-year sentences. The remaining sentences were to be served concurrently, for an effective sentence of eight years. On this appeal, the Defendant argues that the trial court does not have the authority, after revoking a Defendant's community corrections sentence, to restructure the sentences by ordering them to be served consecutively when they had previously been ordered to be served concurrently. In the alternative, the Defendant argues that if the court has such authority, the trial judge erred or abused his discretion in so sentencing the Defendant.

The Defendant concedes that the trial court has the authority to resentence a Defendant who violates the terms of a sentence in community corrections. Specifically, the statutory authority is as follows:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(4).

In State v. Griffith, 787 S.W.2d 340 (Tenn. 1990), our supreme court rejected a double jeopardy challenge to the constitutionality of the above referenced statute. In Griffith, Justice Cooper wrote for the court as follows:

> The above statutes reflect the policy that the sentencing of a defendant to a community based alternative to incarceration is not final, but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society and allows the court to monitor the defendant's conduct while in the community corrections program. A defendant sentenced under the Act has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed. This being so, the decision to resentence a defendant to a sentence greater than his original sentence does not subject the defendant to multiple punishments for the same offense; rather, the practice reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence to a community based alternative to incarceration was not effective. The defendant not being subjected to multiple punishments for the same offense, there is no violation of the guarantees against double jeopardy.

Id. at 342.

This court has previously observed that the provisions of the resentencing statute do not permit the trial court to arbitrarily establish the length of the new sentence nor may the statute be used by trial courts for the sole and exclusive purpose of punishing the accused for violating the provisions of a community corrections sentence. State v. Timothy Lamont Wade, No. 01-C01-9303-CR-00092, Davidson County (Tenn.

-4-

Crim. App., Nashville, filed Nov. 24, 1993).  At the resentencing hearing, the trial court is to conduct the sentencing hearing and approach the sentencing of the Defendant in the same manner as if the court were sentencing the Defendant initially, except that the court may consider the fact that community corrections was not successful.

In State v. Patty, ___ S.W.2d ___ (Tenn. 1995), the Tennessee Supreme Court held that a trial judge imposing a new sentence as a result of community corrections failure is bound to sentence the Defendant within the same range as the original sentence.  In Patty, the Defendant and the State had initially agreed to the range applicable to the Defendant.  Concerning the State's initial sentencing recommendation, our Supreme Court stated, "once accepted, at least as to range, to permit a later enhancement beyond the original range violates fundamental concepts of justice."  In the case sub judice, the Defendant argues that to allow a trial judge, in resentencing a Defendant as a result of community corrections failure, to order consecutive sentences and thus increase the overall length of the sentences originally imposed, would circumvent and vitiate the ruling in Patty.

First of all, we note that in Patty, there is nothing to indicate that the Defendant possessed the requisite number of prior convictions to qualify for an enhanced range. Secondly, the Supreme Court pointed out that while Tennessee Code Annotated section 40-36-106(e)(4) permits the trial court, upon revocation of a community corrections sentence, to resentence a Defendant to "any period of time up to the maximum sentence provided by law for that offense," that section should be read in pari materia with the preceding section, 40-36-106(e)(2) which provides that a community corrections sentence shall be for "any period of time up to the maximum sentence within the appropriate sentence range."

It is obvious that a defendant may not be sentenced for a term of years in excess of the maximum provided for the offense in the defendant's sentencing range. This court has held such a sentence to be an illegal sentence and as such a nullity. George Cheairs v. State, No. 02C01-9304-CC-00070, Fayette County (Tenn. Crim. App., Jackson, filed Oct. 26, 1994). But see State v. Terry, 755 S.W.2d 854 (Tenn. Crim. App. 1988). While the imposition of consecutive sentences by a trial court may be erroneous because not warranted under the facts and sentencing laws, consecutive sentences for multiple convictions are not considered illegal sentences.

We conclude that any lawful sentence within the defendant's range which is justified by the facts, circumstances and sentencing laws and principles may be ordered by the trial court in resentencing a defendant after a community corrections sentence has been revoked. We now review the sentence imposed by the trial court.

When there is a challenge to the length, range or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the appellant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential

for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103 and -210; <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987) .

The Defendant's convictions of the fifteen counts of credit card fraud and forgery arose out of his unauthorized use of a credit card to obtain goods and services in the amount totaling more than eleven hundred dollars. This activity apparently occurred during a period of about one week. The Defendant gave the following statement to the officer who prepared the presentence report, "I wasn't working at the time and I need money to support my running around and smoking pot."

At the time of resentencing, the Defendant was twenty-six years old. His educational background is not stated in the presentence report. At the time the presentence report was prepared, the Defendant had been incarcerated for several months. His employment prior to that had been primarily as a construction laborer.

The Defendant had several convictions prior to those being addressed herein. In 1986, he was convicted of possession of stolen property and was sentenced to three years probation. In 1987, he was convicted of two counts of passing forged checks for which he received two years probation on each count. Also in 1987, he was convicted of shoplifting for which he was sentenced to eleven months and twenty-nine days with all but thirty days suspended. In 1988, he was convicted of escape and sentenced to one year. In 1990, he was convicted of vandalism and sentenced to eleven months and twenty-nine days. Also in 1990, he was convicted of two counts of passing worthless checks for which he was sentenced to eleven months and twenty-nine days and a concurrent sentence of thirty days.

At the resentencing hearing, the State introduced certified copies of indictments issued against the Defendant for crimes alleged to have been committed while the

Defendant was serving his community corrections sentence. These indictments charged the Defendant with approximately ten counts of forgery, five counts of theft, three counts of aggravated burglary, one count of especially aggravated robbery, and one count of attempted first degree murder.

In arriving at the length of the sentences imposed, the trial court did not place on the record specific findings of fact upon which application of the sentencing principles was based as required by statute. Tenn. Code Ann. § 40-35-209(c). The court did not address on the record any enhancement or mitigating factors as required by statute. Tenn. Code Ann. § 40-35-210. It appears that the trial court believed that the lengths of the sentences imposed at the Defendant's first sentencing hearing were a part of the plea agreement. While we do not have in the record a copy of the transcript from the Defendant's first sentencing hearing, it does appear that the plea of guilty was open-ended. Because the record does not affirmatively show that the trial court considered the sentencing principles and all relevant facts and circumstances, our review of the sentences imposed is de novo without a presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Even without the presumption of correctness, we cannot conclude that the trial court erred or abused its discretion in setting the length of each sentence at the maximum within the range for each offense. The Defendant obviously has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). Prior to the commission of the offenses herein, the Defendant had at least eight convictions. Because it is obvious that some of these convictions arose from actions of the Defendant while he was on probation, it is clear that the Defendant has a previous of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(8).

It is also obvious from this record that this Defendant has evidenced a lack of potential for rehabilitation or treatment, which is a factor to be considered in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5). In addition to violating the terms of his community based sentence, the Defendant was terminated from his employment for fighting on the job. In short, the trial court gave the Defendant a golden opportunity in its initial sentence. The Defendant failed to take advantage of the opportunity. Measures less restrictive than confinement had been recently applied to this Defendant. Tenn. Code Ann. § 40-35-103(1)(C).

In announcing the trial court's decision that certain of the sentences were to be served consecutively the court stated as follows:

> And the record shows his lack of employment, also shows that he refused to follow reasonable recommendations of the Community Corrections director that would have solved his problems, but he really didn't want to solve his problems. He wanted to continue living the way he had been living.
>
> I am going to order, based upon his record of criminal activity and the fact that for a substantial period of time he has, in the recent and distant past, depended upon violating the law to support himself, which in my view says that he has, to a major extent, devoted himself to violating the law as a source of livelihood.

This record supports a finding that the Defendant has established himself as a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood. Tenn. Code Ann. § 40-13-115(1). We note again his initial written statement to the officer who prepared the presentence report, "I wasn't working at the time and I need money to support my running around and smoking pot." We also conclude that the record supports the finding that this Defendant is an offender whose record of criminal activity is extensive. Furthermore, we cannot say that the aggregate maximum length of the sentences is not reasonably related to the offenses involved. State v. Taylor, 739 S.W.2d 227,230 (Tenn. 1987).

Based upon our review of the entire record in this cause and the applicable sentencing laws and principles, we cannot conclude that the trial judge erred or abused his discretion in sentencing the Defendant. The judgment of the trial court is affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
JOHN A. TURNBULL, SPECIAL JUDGE