# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY SESSION, 1997

FILED

April 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DARNELL GENTRY, | ) | C.C.A. NO. 02C01-9604-CC-00115 |
| | ) | |
| Appellant, | ) | |
| | ) | GIBSON COUNTY |
| V. | ) | |
| | ) | HON. DICK JERMAN, JR., JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (DENIAL OF MOTION TO CORRECT) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF GIBSON COUNTY

FOR THE APPELLANT:

**DARNELL GENTRY, PRO SE**
N.C.S.C. #144927
7466 Centennial Blvd.
Nashville, TN 37209-1052

FOR THE APPELLEE:

**CHARLES W. BURSON**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**CLAYBURN PEEPLES**
District Attorney General
110 South College Street
Suite 200
Trenton, TN 38382

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Appellant appeals as of right from the trial court's denial of his pro se Motion to Correct Illegal Sentence. The Appellant pled guilty to second degree murder in the Gibson County Criminal Court. He was sentenced to forty (40) years as a Standard Range I offender. The Appellant argues that this sentence is illegal. We affirm the trial court's denial of the Appellant's motion.

The Appellant has previously presented a petition for post-conviction relief to the trial court, which was denied. He unsuccessfully appealed this denial to our court. Darnell Gentry v. State, No. 02C01-9304-CC-00052, Gibson County (Tenn. Crim. App., Jackson, filed Jun. 29, 1994). The issue in the case sub judice was argued in the Appellant's post-conviction appeal. This court held that Appellant's sentence was not an illegal sentence. Our supreme court denied the Appellant's application to appeal this decision on October 3, 1994.

When an issue is determined in a prior appeal in the same case, the decision becomes the law of the case, precluding the issue's relitigation, so long as the prior decision is not clearly erroneous. State v. Delk, 692 S.W.2d 431, 438 (Tenn. Crim. App. 1985).

We agree with the prior holding of this court. This court stated:

> In his final issue, appellant contends that his sentence of 40 years is an illegal sentence because it is outside the range of punishment for a Range I offender convicted of a Class A felony. The present case is similar to that of State v. Terry, 755 S.W.2d 854 (Tenn. Crim. App. 1988), in which the defendant was sentenced to

10 years as a Range I offender for kidnapping. At that time, a Range I offender could receive 2 to 6 years for the offense of kidnapping. This Court held that the 10-year sentence, which was within the possible statutory penalty for kidnapping was not illegal. We further held that any irregularity as to classification or release eligibility was waived by a knowing and voluntary plea of guilty. Terry, 755 S.W.2d at 855.

In the present case, appellant entered into a plea bargain agreement for a 40-year sentence as a Range I offender. Second-degree murder is a Class A offense and the possible range of punishment is 15 to 60 years. T.C.A. § 40-35-111(b)(1). Range I for a Class A offense is 15 to 25 years. T.C.A. § 40-35-112(a)(1). As in Terry, the sentence appellant received is not illegal, but rather, falls within the permissible statutory range of punishment. Furthermore, any irregularity as to classification was waived by appellant's guilty plea. This issue is without merit.

Gentry, No. 02C01-9304-CC-00052, slip. op. at 6-7. This court's prior decision is not clearly erroneous as it is supported by prior court decisions.

Therefore, this issue is without merit. We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE