IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION

FILED

December 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

KEITH D. HENDERSON,          )
                             )
          APPELLANT,         )
                             )   No. 02-C-01-9707-CR-00263
                             )
                             )   Shelby County
v.                           )
                             )   Carolyn W. Blackett, Judge
                             )
                             )   (Post-Conviction Relief)
STATE OF TENNESSEE,          )
                             )
          APPELLEE.          )


FOR THE APPELLANT:                  FOR THE APPELLEE:

James M. Gulley                     John Knox Walkup
Attorney at Law                     Attorney General & Reporter
80 Monroe Avenue                    500 Charlotte Avenue
Memphis, TN 38103                   Nashville, TN 37243-0497

                                    Marvin E. Clements, Jr.
                                    Assistant Attorney General
                                    450 James Robertson Parkway
                                    Nashville, TN 37243-0493

                                    William L. Gibbons
                                    District Attorney General
                                    201 Poplar Avenue, Suite 3-01
                                    Memphis, TN 38103

                                    Dawn Doran
                                    Assistant District Attorney General
                                    201 Poplar Avenue, Suite 3-01
                                    Memphis, TN 38103


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Keith D. Henderson (petitioner), appeals as of right from a judgment of the trial court dismissing his action for post-conviction relief following an evidentiary hearing. In this court, the petitioner contends his guilty plea to second degree murder was not voluntarily, knowingly, and intelligently entered. He argues the plea is infirm because (1) he was not aware of his constitutional rights or the direct consequences of a guilty plea, (2) neither the trial court nor counsel advised him of the nature of the offense before he entered the plea, and (3) he was not advised of the minimum and maximum penalty for the offense of second degree murder. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The petitioner was charged with murder first degree. He was accused of lying in wait for the victim, robbing the victim, and shooting the victim in his back while he was lying on the ground with his face to the ground. The victim pleaded for his life before the fatal wound struck him. The petitioner gave a statement to the police. He admitted attempting to rob the victim as well as shooting the victim. However, he stated he shot the victim when he thought the victim was reaching for a weapon. The indictment charged the defendant with premeditated murder and felony murder. The State of Tennessee had several witnesses who where prepared to testify in support of the aforementioned facts. The petitioner planned to claim self-defense. However, counsel stated this would have been difficult as the petitioner shot the victim in the back while the victim was lying on the ground.

The state did not seek the imposition of a death sentence or life without the possibility of parole. The only offer of settlement prior to trial was for a life sentence. On the morning the trial was set to commence, the state and the defendant negotiated a settlement. Defense counsel insisted on a settlement of twenty-five (25) years. However, the family of the victim would not agree to reduce the proposed sentence lower than forty-five (45) years. The petitioner, the petitioner's parents, and defense counsel discussed the state's offer. Thereafter, the petitioner agreed to accept the sentence. Although the

2

petitioner was a Range I offender for sentencing purposes, he agreed to be sentenced within Range II. This was required to justify the reduction of the first degree murder charge to second degree murder.

The petitioner contends his guilty plea to second degree murder was not voluntarily, knowingly, and intelligently entered because he was not aware of his constitutional rights or the direct consequences of a guilty plea. He argues the procedure during the submission hearing did not comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Mackey, 553 S.W.2d 337, 339-40 (Tenn. 1977). He argues he "was not aware of the differences between a range one and range two offender," and "[he] was ignorant of the fact that he was accepting a plea offer that required him to be sentenced as a range two multiple offender even though he had no prior criminal record." He concedes the trial court advised him of the right to trial by jury, the right to confront witnesses, and the privilege against self-incrimination.

It is an elementary rule of law that a guilty plea must be voluntarily, knowingly, and intelligently entered to pass constitutional muster. Boykin, 395 U.S. at 243-44, 89 S.Ct. at 1712-13, 23 L.Ed.2d at 279-80. If the submission hearing transcript coupled with the evidence adduced at an evidentiary hearing establishes the guilty plea was not voluntarily, knowingly, and intelligently entered, the accused is entitled to have the plea set aside and the cause remanded to the trial court for further proceedings. See Chamberlain v. State, 815 S.W.2d 534, 540-42 (Tenn. Crim. App. 1990), per. app. denied (Tenn. 1991).

Boykin did not create a new procedure or mandate a certain litany of rights. As this court said in Clark v. State:

> Boykin simply requires that the transcript of a guilty plea proceeding affirmatively show that "the defendant voluntarily and understandingly entered his plea of guilty. . . ." Boykin did not create a "procedural requirement" that the three constitutional rights mentioned in the opinion must be explained to the defendant and the defendant waive these rights before a trial judge can accept a defendant's guilty plea. . . . Moreover, the federal courts have been, and are presently, "unwilling to hold, as a constitutional requirement applicable in habeas corpus cases to state proceedings, that a guilty plea requires any precise litany for its accomplishments. . . ." In short, "[a] catechism of the constitutional rights that are waived by entry of a guilty plea is not compelled" by Boykin or the Constitution.

3

800 S.W.2d 500, 504 (Tenn. Crim. App.), per. app. denied (Tenn. 1990) (citations omitted).

Rule 11(c), Tennessee Rules of Criminal Procedure, and Mackey require that the trial judge address the accused personally in open court. The trial judge is also required to explain certain information and constitutional rights to the defendant, and the judge must ascertain whether the accused understands the information and applicable constitutional rights. The judge must explain to the defendant:

1.) The nature of the offense to which the plea is offered;

2.) The mandatory minimum penalty and the maximum penalty prescribed by law;

3.) When the defendant appears without counsel, the right to be represented by counsel, and if indigent, an attorney will be appointed to represent him;

4.) The right to plead not guilty or persist in a plea if such a plea has been previously entered;

5.) The right to trial by jury;

6.) The right to the assistance of counsel if the defendant opts for a trial;

7.) The right to confront and cross-examine the state's witnesses if the defendant opts to go to trial;

8.) The privilege against compulsory self-incrimination if the defendant opts to go to trial;

9.) A plea of guilty waives the right to a trial, and only a sentencing hearing will be conducted;

10.) Questions may be asked regarding the offense to which the defendant is pleading guilty, the defendant must answer the questions under oath, and the defendant's answers can later be used against him in a prosecution for perjury or false statement if the answers given to the questions are not truthful;

11.) A different or additional punishment may result by reason of any prior convictions which may be established after the entry of his plea; and

12.) Evidence of any prior convictions may be presented for consideration in determining the appropriate punishment. See Chamberlain, 815 S.W.2d at 538-39. In addition, the trial judge is required to ascertain if there is factual basis for the plea, if the guilty plea is being voluntarily entered, the defendant's understanding concerning the entry

4

of a plea of guilty, and if the defendant's willingness to plead guilty is the result of discussions between the district attorney general, or an assistant, and the defendant or the defendant's attorney before accepting the defendant's plea. See Chamberlain, 815 S.W.2d at 539.

In this case, the petitioner entered the guilty plea to avoid a life sentence. His attorney testified "the probability of him getting a life sentence was great -- it was real great." The petitioner admitted he discussed his sentencing options with his retained counsel prior to the date he entered the plea; and his attorney discussed the evidence which would be introduced at a trial with him. His attorney advised him there was sufficient evidence to convict him of murder first degree.

The petitioner candidly admitted he knew he was pleading guilty to murder in the second degree, a lesser included offense. He understood the agreed sentence was forty-five (45) years, and he was aware he would have to serve thirty-five percent (35%) of the sentence. His attorney testified he explained to the petitioner he was a Range I offender and he was going to be sentenced as a Range II offender. Moreover, the assistant district attorney general stated at the beginning of the submission hearing: "Our recommendation is that he receive a sentence of 45 years as a Range 2 multiple offender. This would be by consent." Neither the defendant nor his attorney objected or otherwise commented when this statement was made. The attorney stated "everything was by consent." He further stated the petitioner understood the reduction from first degree murder to second degree murder and the terms of the plea agreement.

While the petitioner was being questioned by the trial judge at the submission hearing, the following colloquy occurred:

> [THE COURT:] Is it your understanding that you're pleading guilty to the offense of murder in the second degree, to 45 years as a Range 2 offender?
>
> [HENDERSON]: Yes.
>
> Q. Now, other than that amount of time has there been any other promises or threats made in order to get you to enter this plea of guilty?
>
> A. No.
>
> Q. And do you understand that as Range 2 offender that you do not become eligible for parole until you've served at least

5

35 percent of your sentence? That doesn't mean you'll be released or that you become eligible at that time.

A. Yes.

Q. And with that in mind do you still want to go forward on this plea of guilty?

A. Yes.

Q. Do your further understand that if you had gone to trial and if you had been found guilty as charged in the indictment, you could have received a sentence of life imprisonment, or you could have been found guilty of some lesser included offense, like you're pleading guilty to here, and could have received a sentence down to a day in jail, or you could have been found not guilty and received no punishment at all? Do you understand all of that?

A. Yes.

Q. And with that in mind you still desire to go forward on this plea of guilty?

A. Yes.

This court concludes the evidence accredited by the trial court establishes the petitioner voluntarily, knowingly, and intelligently entered the plea of guilty to the lesser included offense. The petitioner understood the terms of the plea agreement. He had discussed the sentencing options with his attorney prior to entering the plea.

The petitioner is not entitled to relief on the ground the trial court failed to advise him of the minimum and maximum punishment for second degree murder. First, this was an agreed sentence. Second, this requirement is not constitutionally mandated. What is mandated is that the defendant be told of the sentence he will serve. Here, the defendant was told he would receive a sentence of forty-five (45) years. See Blankenship v. State, 858 S.W.2d 897, 905 (Tenn. 1993). Only constitutional issues may be litigated in an action for post-conviction relief. Tenn. Code Ann. § 40-30-203. This court has previously held a petitioner is not entitled to relief for the precise reason advanced by the petitioner. See Dexter Johnson v. State, Hamilton County No. 03-C-01-9503-CR-00088 (Tenn. Crim. App., Knoxville, February 6, 1996); Cedric D. Mitchell v. State, Shelby County No. 65 (Tenn. Crim. App., Jackson, April 10, 1991), per. app. denied (Tenn. September 9, 1991).

The sentence was not illegal because the petitioner agreed to be sentenced as a Range II offender when in fact he was a Range I offender. State v. Mahler, 735 S.W.2d

6

226, 227 (Tenn. 1987); State v. Terry, 755 S.W.2d 854, 855 (Tenn. Crim. App. 1988). See Hicks v. State, 945 S.W.2d 706 (Tenn. 1997). Since the guilty plea passes constitutional muster, the entry of the guilty plea had the effect of waiving the Range I - Range II issue. Id.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
CURWOOD WITT, JUDGE

7