IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2004

**ANTHONY C. LONG v. TONY PARKER, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 03-CR-8489     R. Lee Moore, Jr., Judge**

---

**No. W2003-02609-CCA-R3-CO  - Filed August 30, 2004**

---

The petitioner, Anthony C. Long, appeals the Lake County Circuit Court's dismissal of his petition for *habeas corpus* relief.  We reverse the dismissal and order *habeas corpus* relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Vacated and Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Anthony C. Long, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; and Renee W. Turner, Assistant Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee.

**OPINION**

On September 25, 2003, the petitioner filed a petition for *habeas corpus* relief attacking his seven 2001 Lauderdale County Circuit Court convictions of forgery and his 2002 conviction of escape in the same court.  Apparently, all convictions were the results of guilty pleas. The petition alleged that the plea agreement called for concurrent five-year sentences on the forgery cases and for a six-year sentence on the escape case, to be served consecutively to the effective sentence in the forgery cases.  The petitioner was designated a career offender.  The petition claimed that, due to incompleteness, the underlying conviction judgments were void.  Further, the petitioner claimed that the trial court violated the petitioner's due process rights by amending his judgments in the forgery cases to impose concurrent sentences of six years each.  He alleged that the trial court amended the judgments in response to the Department of Correction informing it that the five-year sentences were illegal.

The petitioner attached copies of his conviction judgments to his petition.  They reflect that the petitioner pleaded guilty to each charge, but in none of the original or amended judgments did the trial court mark the box to indicate that the petitioner "is found . . . guilty."  On

the other hand, each judgment recited the charge by name, proscriptive Code section, and class and date of offense. Each sentence was fully described on the judgment form. Below the sentencing information on each judgment form, the trial court marked the box to indicate: "The Defendant having been found guilty is rendered infamous . . . ." The trial judge signed and entered the original judgments, and approximately two months later, the trial court entered "corrected" judgments, which in each forgery case differed from the original by changing the length of the sentence to six years. The amendments were apparently made in recognition of Tennessee Code Annotated section 40-35-108(c), which provides that a defendant who is "found beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III," Tenn. Code Ann. § 40-35-108(c) (2003), and of Code section 40-35-111(a)(5), which provides that the maximum Class E offense sentence is six years, *id.* § 40-35-111(a)(5) (2003).

The court below denied *habeas corpus* relief, and the petitioner appeals that ruling. The main thrust of the petitioner's claims on appeal is that the court below erred in denying *habeas corpus* relief and in any event erred in dismissing the petition without the appointment of counsel and a hearing.

The legal issues raised in *habeas corpus* hearings are questions of law, and our review of questions of law is *de novo. Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether to grant the petition [for *habeas corpus* relief] is a question of law that we review *de novo.*"); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

*Habeas corpus* relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case makes no allegation that his sentences have expired; he only claims that his sentences, and hence his conviction judgments, are void.

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

First, we examine the petitioner's claim that the judgments are void because they fail to set forth findings of guilty as required by Tennessee Rule of Criminal Procedure 32(e). *See* Tenn. R. Crim. P. 32(e) ("A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence."); *see also* Tenn. Code Ann. § 40-35-209(e) (2003) (requiring district attorney general to complete the judgment form, including an indication of the "type of offense for which the defendant was charged and convicted").

This court has said, "The information which is required to be included in the judgment form is standard[,] and it is mandatory that each judgment form contain this information." *State v. Harry Mark Hurley*, No. 233, slip op. at 5 (1988 WL 81017, at *3) (Tenn. Crim. App., Knoxville, Aug. 3, 1988), *perm. app. denied* (Tenn. 1988). This statement, however, is of dubious import because, in *Harry Mark Hurley*, this court on direct appeal, after noting the trial court's failure to express in the judgment a finding of guilty, said that the "judgment of the trial court is affirmed on the merits but not as to its form." *Id*., slip op. at 6. The court remanded the case to the trial court for the amendment of the existing judgment. *Id.* Because the *Harry Mark Hurley* court was adjudicating a direct appeal as opposed to a collateral attack upon the conviction judgment, it is difficult to tell whether the court viewed the judgment as void, merely voidable, or simply benign clerical error.

In our view, the judgments in the present case are, at most, merely voidable. Each judgment form taken as a whole conveys complete information about the conviction offense, including the guilty plea and the details of the sentence, and each judgment acknowledges that the defendant is rendered infamous based upon his "having been found guilty." Given the facts of this case, we conclude that the judgments substantially declare the designated convictions even though they may be voidable because the court did not fill in the blanks for specifically expressing a finding of guilty. A defect in the conviction proceedings which renders the judgment merely voidable is not subject to collateral attack. *See Archer*, 851 S.W.2d at 163. Thus, we conclude that the trial court properly dismissed the *habeas corpus* claim that the judgments were void due to their incompleteness.

Next, we consider the petitioner's claim that the forgery conviction judgments are void based upon the expression of the length of those sentences. To resolve this issue, we must first determine whether the conviction court had jurisdiction to impose a sentence the length of which fell outside the specified sentence for the designated offender range. In other words, did the trial court have jurisdiction to impose a five-year sentence when the minimum sentence in the petitioner's designated range was six years?

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding).

To support a claim for *habeas corpus* relief, however, the illegality of a sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Thus, mere clerical errors in the terms of a sentence may not give rise to a void judgment. *See, e.g., Ronald W. Rice v. David Mills*, No. E2003-00328-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Knoxville, Aug. 19, 2003) (trial court erred in designating on the judgment form that the petitioner was sentenced under the 1982 sentencing law, when the 1989 law applied to Rice's case, and because the 1989 law was *actually* applied in Rice's case, the resulting sentence was "not void and the petitioner [was] not entitled to *habeas corpus* relief"), *perm. app. denied* (Tenn. 2004).

On the other hand, our supreme court in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), said that an "illegal" sentence equates to a "jurisdictional defect." *Id.* at 92. We point out, however, that in *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000), the supreme court said broadly, albeit in addressing different circumstances, that issues of "offender classification and release eligibility [are] non-jurisdictional." *See Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997) ("a plea bargained Range II sentence is valid when coupled with Range I release eligibility"); *Bland v. Dukes*, 97 S.W.3d 133, 135 (Tenn. Crim. App. 2002), *perm. app. denied* (Tenn. 2002) (aggravated robbery sentence upheld, despite sentence length falling in range above petitioner's range classification); *State v. Terry,* 755 S.W.2d 854, 855 (Tenn. Crim. App. 1988) (applying 1982 sentencing law and upholding plea-bargained kidnapping sentence, the terms of which fit within the broad range of punishment for the offense class). Nevertheless, "[t]he 1989 Act establishes the outer limits within which [a sentence may be fashioned], and the courts are bound to respect those limits." *McConnell*, 12 S.W.3d at 799; *see, e.g., William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 5-6 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (100 percent release eligibility is beyond the outer limits of release eligibility percentage for even career offenders, and sentence is subject to *habeas corpus* attack); *see also Stephenson*, 28 S.W.3d at 911-12 (first-degree murder sentence expressed as life sentence without possibility of parole subject to *habeas corpus* relief when, at the time of the offense, a life sentence without the possibility of parole was not possible).

The *McLaney* court stressed that when "the face of the judgment or the record of the underlying proceedings shows that the . . . sentence is illegal, such sentence creates a void judgment for which *habeas corpus* relief is available." *McLaney*, 59 S.W.3d. at 91. Thus, an illegal, jurisdictionally defective sentence is one that is in direct contravention of the sentencing act. *See id.* at 94; *see also Dewayne Cathey v. State*, No. W2003-00411-CCA-R3-CO, slip op. at 5-6 (Tenn. Crim. App., Jackson, Jul. 8, 2004) (sentencing mandates the cut-across or lie outside "the ordinary offender - Range I offense-class matrix" are jurisdictional). Such a sentence is void when it appears on the face of the record of the underlying proceeding. As such, it is justiciable in a *habeas corpus* proceeding. When such a void sentence is based upon a guilty plea, the *habeas corpus* court declares void and vacates the judgment but defers to the conviction court to address the petitioner's guilty plea that is left pending in the wake of the vacated judgment. *Id.* Then, upon remand to the conviction court, "either the plea may be withdrawn or the conviction remains intact." *Id.* at 94-95.

Each sentence in the present case is less than the six-year sentence mandated for a career offender in a Class E offense. *See* Tenn. Code Ann. §§ 40-35-112(a)(3) -108(c) (2003). The imposed sentence is however, within the broad range of sentences for Class E offenses through the maximum classification. *See id.* § 40-35-111(b)(5) (2003). Thus, the question presented by the present case is whether the trial court had jurisdiction to impose an agreed-upon sentence the length of which fell outside the designated *offender* sentencing range but within the total maximum for the *offense* class.

Our law on this issue is at present somewhat muddled. *See Dewayne Cathey ,* slip op. at 2-3, n.1. *William Boyd* interpreted *Hicks* and *State v. Mahler*, 735 S.W.2d 226 (Tenn. 1987), to mark the "outer limits" of the trial court's jurisdiction at the maximum sentence for the offense

class and struggled to reconcile these cases with *McConnell*'s statement that, although offender classification and release eligibility are non-jurisdictional, sentence length *is* jurisdictional. *See William Boyd*, slip op. at 4. *Compare Mahler*, 735 S.W.2d at 228 (approving sentence that was "within statutory limits fixed for the *offense* of murder in the second degree") (emphasis added) *with McConnell*, 12 S.W.3d at 798 (characterizing *Mahler* as approving a sentence because it was "within the statutory limits fixed for a Range II *offender*") (emphasis added). In *William Boyd*, this court followed *Mahler* and *Hicks* – and distinguished *McConnell* – in essentially fixing the outer limits for purposes of sentence length at the maximum in the offense class. Moreover, this court followed *William Boyd* in *Bland*, a case in which an extra-range sentence was approved. *See Bland*, 97 S.W.3d at 135-36. As indicated above, the supreme court denied permission to appeal in *Bland.* In sum, we believe *Bland* and *William Boyd* provide the prevailing perspective on *McConnell*. From that perspective, the trial court in the present case had jurisdiction to impose the agreed-upon five-year sentences, inasmuch as they fell within the overall sentencing ranges for a Class E offense.

Thus, looking at the judgments in the present case, we see that originally they were expressed in legal sentencing terms – sentences that were within the prescribed sentences for the class of offense. The trial court however, at the behest of the Department of Correction, "corrected" the judgments two months later. In our view, the trial court's action was unnecessary and unauthorized.

Accordingly, we must vacate the order of the *habeas corpus* court and remand the case to that court with instructions to enter an order setting aside the amended judgments of convictions in the forgery cases. The conviction court shall then amend the judgments to restore the original sentences of five years each. It behooves the Department of Correction to execute the sentences promulgated by the court.

_____
JAMES CURWOOD WITT, JR., JUDGE