IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2004

## ROBERT MCCHRISTIAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 5784     Joseph H. Walker, III, Judge**

---

**No. W2003-03034-CCA-R3-HC  - Filed September 15, 2004**

---

The petitioner, Robert McChristian, appeals from a summary dismissal of his petition for *habeas corpus* relief.  We affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined.  JOSEPH M. TIPTON, J., filed a concurring opinion.

Robert McChristian, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; and Thomas E. Williams, III, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

The petitioner sought *habeas corpus* relief in the Lauderdale County Circuit Court from his 1992 Giles County sentence for aggravated burglary.  In the Giles County conviction proceeding, the petitioner had pleaded guilty to a Class C charge of aggravated burglary and agreed to a twelve-year, Range I sentence.  In his *habeas corpus* petition, the petitioner alleges that he was unaware that the range of punishment for a standard, Range I offender in a Class C felony is three to six years.  *See* Tenn. Code Ann. § 40-35-112(a)(3) (2003).  The petitioner claimed that his twelve-year sentence was outside his applicable and designated sentencing range and renders his sentence void, such that he is entitled to *habeas corpus* relief.  The court below, holding that the petitioner's sentence fell with the broad range of sentences for Class C offenses, *see id.* § 40-35-111(a)(3) (2003) (authorizing sentences for Class C offenses from a minimum of three years to a maximum of fifteen years), summarily dismissed the petition without appointing counsel and without conducting a hearing.

The legal issues raised in a *habeas corpus* proceeding are questions of law, and our review of questions of law is *de novo*.  *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether

to grant the petition [for *habeas corpus* relief] is a question of law that we review *de novo*."); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

We begin with a review of *habeas corpus* law as it presently exists in Tennessee. *Habeas corpus* relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case makes no allegation that his sentence has expired;[1] he only claims that his sentence, and hence his conviction judgment, is void.

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding). For an illegal sentence claim to support a claim for *habeas corpus* relief, however, the illegality of the sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Thus, mere clerical errors in the terms of a sentence may not give rise to a void judgment. *See, e.g., Ronald W. Rice v. David Mills*, No. E2003-00328-CCA-R3-PC, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Aug. 19, 2003) (trial court erred in designating on the judgment form that the petitioner was sentenced under the 1982 sentencing law, when the 1989 law applied to Rice's case; the 1989 law was *actually* applied in Rice's case, and the resulting sentence was "not void and the petitioner [was] not entitled to *habeas corpus* relief"), *perm. app. denied* (Tenn. 2004).

Relative to the egregiousness of the sentencing defect, our supreme court in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), said that an "illegal" sentence equates to a "jurisdictional defect." *Id.* at 92. However, in *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000), the supreme court said broadly, albeit in addressing plea-bargain negotiations that issues of "offender classification and release eligibility" are "non-jurisdictional." *See Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997) (a plea bargained Range II sentence is valid when coupled with Range I release eligibility); *Bland v. Dukes*, 97 S.W.3d 133, 135 (Tenn. Crim. App. 2002) (aggravated robbery sentence upheld, despite sentence length falling in range above petitioner's range classification),

---

[1]The petitioner has other convictions in which a seven-year sentence runs consecutively to the twelve-year sentence.

*perm. app. denied* (Tenn. 2002); *State v. Terry,* 755 S.W.2d 854, 855 (Tenn. Crim. App. 1988) (applying 1982 sentencing law and upholding plea-bargained kidnapping sentence, the terms of which fit within the broad range of punishment for the offense class). Nevertheless, "[t]he 1989 Act establishes the outer limits within which [a sentence may be fashioned], and the courts are bound to respect those limits." *McConnell*, 12 S.W.3d at 799; *see, e.g., William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 5-6 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (100 percent release eligibility is beyond the outer limits of release eligibility percentage for even career offenders, and sentence is subject to *habeas corpus* attack); *see also Stephenson*, 28 S.W.3d at 911-12 (first-degree murder sentence expressed as life sentence without possibility of parole subject to *habeas corpus* relief when, at the time of the offense, a life sentence without the possibility of parole was not possible).

The sentence designated as Range I in the present case exceeds the six-year maximum sentence for a Range I offender in a Class C offense, *see* Tenn. Code Ann. § 40-35-112(a)(3) (2003), but the imposed sentence is less than the maximum, fifteen-year sentence for Class C offenses through the career offender-classification, *see id.* § 40-35-111(a)(3) (2003). Thus, the question squarely presented by the present case is whether the trial court had jurisdiction to impose an agreed-upon sentence the length of which exceeded the maximum sentence in the designated *offender* sentencing range but not the total maximum for the *offense* class.

Our law on this issue is at present somewhat muddled. *William Boyd* interpreted *Hicks* and *State v. Mahler*, 735 S.W.2d 226 (Tenn. 1987), to mark the "outer limits" of the trial court's jurisdiction at the maximum sentence for the offense class and struggled to reconcile these cases with *McConnell*'s statement that, although offender classification and release eligibility are non-jurisdictional, sentence length *is* jurisdictional. *See William Boyd*, slip op. at 4. *Compare Mahler*, 735 S.W.2d at 228 (approving sentence that was "within statutory limits fixed for the *offense* of murder in the second degree") (emphasis added), *with McConnell*, 12 S.W.3d at 798 (characterizing *Mahler* as approving a sentence because it was "within the statutory limits fixed for a Range II *offender*") (emphasis added). In *William Boyd*, this court followed *Mahler* and *Hicks* – and distinguished *McConnell* – in essentially fixing the outer limits for purposes of sentence length at the maximum in the offense class. Moreover, this court followed *William Boyd* in *Bland*, a case in which an extra-range sentence was approved. *See Bland*, 97 S.W.3d at 135-36. As indicated above, the supreme court denied permission to appeal in *Bland.* In sum, we believe *Bland* and *William Boyd* provide the prevailing perspective on *McConnell*. From that perspective, the trial court in the present case had jurisdiction to impose the agreed-upon twelve-year sentence. That being the case, the sentence is not void and is not subject to collateral attack via a petition for writ of *habeas corpus*.

We realize that the petitioner complains that he was unaware that a Range I offender for a Class C offense was subject to a maximum sentence of six years. In essence, this claim is one of an unknowing or involuntary guilty plea. A petition for *habeas corpus* relief is not the proper means for addressing a claim of an unknowing or involuntary guilty plea. *Archer*, 851 S.W.2d at 163. The proper method for making a collateral attack of this nature is a petition pursuant to the

Post-Conviction Procedure Act. *Id.; see* Tenn. Code Ann. §§ 40-30-101 through 122 (2003). In the present case, however, we are without the option of treating the *habeas corpus* petition as an action for post-conviction relief because the post-conviction one-year statute of limitations bars post-conviction relief. Tenn. Code Ann. § 40-30-102 (2003).

For the foregoing reasons, the judgment below is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE