IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2006

## JOHN E. SAULSBERRY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6017     Joseph H. Walker, III, Judge**

---

**No. W2005-02973-CCA-R3-HC  - Filed December 13, 2006**

---

Aggrieved of the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief, the petitioner, John E. Saulsberry, appeals.  The habeas corpus court denied the petition, finding that the petitioner's negotiated plea agreement was valid because "[his] voluntary guilty plea waive[d] any irregularity as to offender classification or release eligibility," that the petitioner's sentences had not expired, and that the trial court had jurisdiction to sentence the petitioner.  We affirm the lower court's order of dismissal.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

John E. Saulsberry, Appellant, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Brian Clay Johnson, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

On October 17, 1997, the petitioner pleaded guilty to first degree felony murder, *see* T.C.A. § 39-13-202(a)(2) (2003), and especially aggravated robbery, *see id.* § 39-13-403.[1]  For the felony murder conviction, he received life imprisonment in the Department of Correction, to run consecutively to his especially aggravated robbery, 50-year sentence.  The latter sentence was an out-of-range sentence of 50 years; the maximum sentence specified in Tennessee Code Annotated section 40-35-112(b)(1) (2003), *see* T.C.A. § 40-35-112(b)(1), was 40 years in the Department of Correction as a Range two multiple offender.  The out-of-range status was noted on the judgment.  Both sentences ran consecutively to parole violations in 88-F-1901 and 88-F-1900.

---

[1]We will not summarize the facts underlying these convictions because the petitioner failed to include a guilty plea hearing transcript in the record.  There was no appeal, so no appellate court case summarizes the facts.

On November 18, 2005, the petitioner filed a pro se Application for Writ of Habeas Corpus. In his petition, he argued that his conviction was void because the trial court lacked jurisdiction to sentence him beyond the statutory range.

On November 29, 2005, the habeas corpus court entered an order denying his petition. The court found that the petitioner's negotiated plea agreement was valid because "[his] voluntary guilty plea waive[d] any irregularity as to offender classification or release eligibility," that the petitioner's sentences had not expired, and that the trial court had jurisdiction to sentence the petitioner. Thus, "[h]abeas corpus relief [was] not appropriate." The habeas corpus court also found that if petitioner's petition was treated as a post-conviction petition, then the court did not have jurisdiction.

The petitioner filed a timely Notice of Appeal, and this case is properly before us for review.

On appeal, the petitioner argues that the habeas corpus court erred in determining that his negotiated plea agreement was valid. He contends that the plea is invalid, contravening the 1989 Sentencing Reform Act, because sentencing is jurisdictional and sentences must fall within the Act's prescribed ranges. Citing Tennessee Code Annotated section 40-35-210(c), the petitioner also claims that mandatory statutory language directs courts to impose sentences within the range of punishment. *See* T.C.A. § 40-35-210(c) (2003). He argues that a sentence outside of the statutory range would be an illegal and thus void sentence, as well as an encroachment upon legislative power by the judiciary. Therefore, he claims that he is entitled to habeas corpus relief.

The State notes that petitioner relies upon *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), for his proposition that "[s]entencing is jurisdictional and must be executed in compliance with the 1989 Act." *Id*. at 797. The State argues, however, that the court also held that its decision did not alter "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations." *Id*. at 798. Furthermore, the State contends that this court has held that, in light of *McConnell*, mixing the length of incarceration and the release eligibility status is still permissible under *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997); thus, hybrid sentences as a result of a negotiated plea do not contravene the 1989 Sentencing Act. *See Bland v. Dukes*, 97 S.W.3d 133, 136 (Tenn. Crim. App. 2002).

The legal issues raised in a habeas corpus proceeding are questions of law, and our review of questions of law is de novo. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case makes no allegation that his sentence has expired; he claims that his sentence, and hence his conviction judgment, is void.

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id*.; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891

S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the actus reus, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for habeas corpus relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (stating that a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a habeas corpus proceeding). For an illegal sentence claim to support a claim for habeas corpus relief, however, the illegality of the sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Thus, mere clerical errors in the terms of a sentence may not give rise to a void judgment. *See, e.g., Ronald W. Rice v. David Mills*, No. E2003-00328-CCA-R3-PC, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Aug. 19, 2003) (stating that the trial court erred in designating on the judgment form that the petitioner was sentenced under the 1982 sentencing law, when the 1989 law applied to Rice's case; the 1989 law was actually applied in Rice's case, and the resulting sentence was "not void and the petitioner [was] not entitled to habeas corpus relief "), *perm. app. denied* (Tenn. 2004).

Relative to the egregiousness of the sentencing defect, our supreme court in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), said that an "illegal" sentence equates to a "jurisdictional defect." *Id.* at 92. However, in *McConnell*, 12 S.W.3d at 798, the supreme court said broadly in addressing plea-bargain negotiations that issues of "offender classification and release eligibility" are "non-jurisdictional." *See Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997) (holding that a plea-bargained Range II sentence is valid when coupled with Range I release eligibility); *Bland*, 97 S.W.3d at 135 (upholding aggravated robbery sentence, despite sentence length falling in range above petitioner's range classification), *perm. app. denied* (Tenn. 2002); *State v. Terry*, 755 S.W.2d 854, 855 (Tenn. Crim. App. 1988) (applying 1982 sentencing law and upholding plea-bargained kidnapping sentence, the terms of which fit within the broad range of punishment for the offense class). Nevertheless, "[t]he 1989 Act establishes the outer limits within which [a sentence may be fashioned], and the courts are bound to respect those limits." *McConnell*, 12 S.W.3d at 799; *see, e.g., William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 5-6 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (holding that 100 percent release eligibility is beyond the outer limits of release eligibility percentage for even career offenders, and sentence is subject to habeas corpus attack); *see also Stephenson*, 28 S.W.3d at 911-12 (holding first degree murder sentence expressed as life sentence without possibility of parole subject to habeas corpus relief when, at the time of the offense, a life sentence without the possibility of parole was not possible).

The petitioner claims that his guilty-pleaded sentence of 50 years exceeds Range II offender classification. As pointed out above, however, our supreme court has said that issues of

offender range and release eligibility are non-jurisdictional and, therefore, subject to plea bargaining. *See McConnell*, 12 S.W.3d at 798. The courts have enforced plea-bargained, hybrid sentences when the length of the sentence did not exceed the maximum sentence assigned to the particular class of offense, Class A in the present case. *See, e.g., State v. Timothy Johnson*, No. M2005-00168-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Nashville, Sept. 7, 2005); *McChristian v. State*, 159 S.W.3d 608, 611 (Tenn. Crim. App. 2004). The petitioner's 50-year sentence falls within the broad scope of sentencing for Class A offenders. *See* T.C.A. §§ 40-35-111(b)(1), -112(c)(1) (2003) (establishing maximum sentence of 60 years for Class A offenses). Thus, the petitioner's sentence was not void and is not subject to collateral attack via a petition for habeas corpus relief.

For these reasons, the circuit court's order is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE