# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 4, 2004

## ROBERT MCCHRISTIAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 5784   Joseph H. Walker, III, Judge**

---

### No. W2003-03034-CCA-R3-HC  - Filed September 15, 2004

---

JOSEPH M. TIPTON, J., concurring.

I concur in the majority opinion, but I question its reliance upon the fact that our supreme court denied permission to appeal in Bland v. Dukes to validate Bland's holding.  Our supreme court has advised us not to attach significance to such a denial.  See Meadows v. State, 849 S.W.2d 748, 752 (Tenn. 1993).

Bland v. Dukes, 97 S.W.3d 133 (Tenn. Crim. App. 2002), essentially interprets McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), narrowly for the purpose of reconciling facially contradictory cases.  In Terry v. State, 755 S.W.2d 854 (Tenn. Crim. App. 1988), pursuant to a plea agreement, the defendant was sentenced under the 1982 Sentencing Reform Act as a Range I, standard offender to ten years for kidnapping.  The range of punishment for kidnapping was two to ten years with a Range I sentence being two to six years and a Range II sentence being six to ten years.  The defendant then moved to correct the sentence, claiming that it was illegal. However, this court held the ten-year sentence to be legal because it was "within the statutory penalty for kidnapping."  Id. at 855.

In Joseph Harvey Cutright v. State, No. 02C01-9108-CC-00175, Henderson County (Tenn. Crim. App. Mar. 25, 1992), app. denied (Tenn. Aug. 31, 1992), the petitioner pled guilty to second degree murder and was sentenced under the 1982 Sentencing Reform Act as a Range II offender to fifty years, even though the 1989 Sentencing Reform Act was in effect.  Under the 1982 Act, a Range I sentence for second degree murder was ten to thirty-five years, and a Range II sentence was thirty-five years to life.  The petitioner sought post-conviction relief arguing that his sentence was illegal. This court, relying on Terry, disagreed and held that the sentence was proper.  Slip op. at 5. However, in denying the petitioner's application to appeal, the Tennessee Supreme Court remanded the case on the basis that the petitioner should have been sentenced under the 1989 Act.  In addition, the court noted that the petitioner's fifty-year sentence under the 1982 Act was a nullity because the maximum sentence a Range II offender could receive under the 1989 Act was forty years.  See Joseph Harvey Cutright v. State, 02C01-9018-CC-00175, Henderson County (Tenn. Crim. App. Mar.

25, 1992) (order).  In other words, the supreme court ignored the fact that the statutory maximum for second degree murder under the 1989 Act was sixty years.  See T.C.A. § 40-35-111(d)(1).

In Hicks v. State, 945 S.W.2d 706 (Tenn. 1997), pursuant to a plea agreement, the petitioner pled guilty to voluntary manslaughter, a Class C felony, and was sentenced under the 1989 Act as a Range II offender to ten years but with a Range I release eligibility of thirty percent.  Under the 1989 Act, a Range I sentencing range for a Class C felony is three to six years and for a Range II sentence is six to fifteen years.  See T.C.A. § 40-35-112(a)(3), (b)(3).  The opinion indicates that the petitioner was sentenced "to the Department of Correction for ten years as a Range I standard offender with a release eligibility of thirty percent."  Id. at 706.  The petitioner sought post-conviction relief claiming that the "hybrid" sentence, combining one range of punishment with a different range for release eligibility, was illegal.  Our supreme court disagreed, citing with approval and relying upon the reasoning in Terry.  945 S.W.2d at 707, 709.  In its analysis, the court noted its order in Joseph Harvey Cutright, but it limited the significance of that case by stating that Cutright's sentence had been improper because he was sentenced under the 1982 Act and not because the sentence had exceeded the range of punishment for a Range II offender.  945 S.W.2d at 708-09 & n.9.

Then, in McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), the petitioner pled guilty to second degree murder, a Class A felony, and six counts of aggravated robbery, a Class B felony.  Pursuant to a plea agreement, the trial court sentenced him in November 1990 under the 1982 Sentencing Act as a Range I offender to thirty-five years for the murder conviction, ten years each for five robbery counts, and thirty-five years for the sixth robbery count.  The petitioner sought post-conviction relief from his two thirty-five-year sentences, arguing that they were improper because the range of punishment for a Range I offender under the 1989 Act was fifteen to twenty-five years for a Class A felony and eight to twelve years for a Class B felony.  First, the court noted that sentences after November 1, 1989, were required to be sentenced under the provisions of the 1989 Act.  12 S.W.3d at 797; see T.C.A. § 40-35-117(b).  In response to the state's claim that, under Hicks the 1989 Act permitted the trial court to depart from the mandates of the 1989 Act, the court noted that Hicks had allowed for the mixing of an offender's sentencing range with a different range for release eligibility but that Hicks did not "condone departures from the maximum and minimum sentencing guidelines imposed by the 1989 Act."  Id. at 798.  Thus, the court concluded that the thirty-five-year sentences for a Range I offender were illegal.  As the majority opinion notes, the court referred to the range of the offender, not the offense.  In this regard, in a footnote, the supreme court revived its position in Joseph Harvey Cutright despite the fact that Hicks had limited Cutright's significance.  12 S.W.2d at 799 n.5.  In a second footnote, the court further revived Cutright by stating that although Terry had allowed "a plea bargain sentence that was in excess of the penalty imposed by statute, Terry had preceded Cutright."  Id. at 799 n.6.  This implies that the court looked upon Terry with disfavor as opposed to Cutright.

To summarize this line of cases, Hicks relies on Terry, which McConnell indicates is incorrect given Joseph Harvey Cutright, which is expressly limited by Hicks to a holding which is irrelevant to the issue.  In this environment, this court decided Bland v. Dukes, 97 S.W.3d 133

(Tenn. Crim. App. 2002), app. denied (Tenn. 2002), in which the court was faced with a fifteen-year sentence as a Range I, standard offender for an aggravated robbery, a Class B felony, when the range of punishment for a Range I, Class B felon was only eight to twelve years. See T.C.A. § 40-35-112(a)(2). The petitioner relied on McConnell and the Joseph Harvey Cutright order to claim that his sentence was illegal. However, in affirming the petitioner's sentence, this court noted that McConnell had "cited Hicks with approval and affirmed that its decision did not alter 'the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations.'" Bland, 97 S.W.3d at 135 (quoting McConnell, 12 S.W.3d at 798). Given McConnell's approval of Hicks, this court concluded that "the plea agreement in McConnell was nullified because it was expressed in terms of the 1982 Act, not because the number of years was outside the range." Id. Bland is controlling authority until its holding is reversed or modified by a court of competent jurisdiction. Tenn. Sup. Ct. R. 4(H)(2)

From a historical perspective, I believe sources for "muddling" the "mixed" sentence issue were the judgment form provided under the 1982 Act and the early judgment form under the 1989 Act. Neither provided the means to reflect a mix of sentencing range and release eligibility percentage. For example, the 1982 Act judgment provided boxes to check for "Standard 30% Range 1" or "Persistent 35% Range 2," while the 1989 judgment provided "Standard 30% Range 1" and "Multiple 35% Range 2." Such is the case in the present case–although the sentence length was twelve years, the release eligibility at thirty percent required checking the "Standard 30% Range 1" box. See also Hicks, 945 S.W.2d at 706 (indicating that the sentence was reflected as a "Range 1 Standard offender with a release eligibility of thirty percent"). However, the judgment form now being provided pursuant to Tenn. Sup. Ct. R. 17 has a set of boxes for offender status and another set of boxes for release eligibility. With this form, offender status is not automatically tied to a particular release eligibility percentage. Thus, the problems we encounter in the present case should not exist under the new judgment form.

 

 

_____
JOSEPH M. TIPTON, JUDGE