IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 7, 2006

## ROBERT L. MOORE v. GLENN TURNER, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9769    Joseph H. Walker, III, Judge**

_____

**No. W2005-01995-CCA-R3-HC  - Filed February 28, 2006**

_____

The petitioner, Robert L. Moore, filed in the Hardeman County Circuit Court a petition for a writ of habeas corpus, alleging that his 1994 conviction for possession of cocaine with intent to sell, his three 1991 convictions for sale of cocaine, and his three 1991 convictions for concealing stolen property are void. The habeas corpus court dismissed the petition without the appointment of counsel or an evidentiary hearing, and the petitioner appeals that dismissal. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Robert L. Moore, Whiteville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter, Rachel E. Willis, Assistant Attorney General, and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee

**OPINION**

### I.  Factual Background

The petitioner's brief and his petition for habeas corpus provide that on September 28, 1989, he was arrested and charged with three counts of concealing stolen property. He maintains that on November 22, 1989, he was released on bond. The petitioner contends that on April 11, 1990, while on bond, he committed three offenses of the sale of cocaine, for which offenses he was arrested on July 3, 1990. On February 6, 1991, the petitioner pled guilty to three counts of concealing stolen property and three counts of the sale of cocaine. Two of the convictions for concealing stolen property resulted in four-year sentences; the third conviction resulted in a two-year sentence. The petitioner received a twelve-year sentence for each sale of cocaine conviction. The sentences for all

six convictions were run concurrently for a total effective sentence of twelve years. The petitioner was ordered to serve eleven months and twenty-nine days of his sentence in the workhouse, followed by placement in community corrections. The petitioner avers that his twelve-year sentences expired on May 17, 2001.

On August 27, 1992, the petitioner committed the offense of possession of cocaine with the intent to sell. The petitioner was convicted by a jury of that offense on May 25, 1994. Based in part on the petitioner's three 1991 convictions for concealing stolen property and his three 1991 convictions for the sale of cocaine, the trial court found that the petitioner was a career offender. Therefore, the trial court imposed a sentence of thirty years with the petitioner being required to serve sixty percent of the sentence in confinement before becoming eligible for release.

In his petition for a writ of habeas corpus, the petitioner argues that his convictions for concealing stolen property and the sale of cocaine are void because they were based upon a plea agreement providing that all of the sentences be served concurrently. He maintains that he committed the sales of cocaine while on bond for the concealing stolen property offenses; therefore, the trial court should have imposed consecutive sentencing pursuant to Rule 32(c)(3)(C) of the Tennessee Rules of Criminal Procedure. The petitioner further maintains that because the allegedly void convictions underlie his classification as a career offender, the sentence he is presently serving, thirty years at sixty percent, is void.

In denying the petition, the habeas corpus court stated that the petitioner was complaining about his conviction for possession of cocaine with intent to sell and the accompanying thirty-year sentence. The court said, "The issues raised in Petitioner's petition are not the proper subject for habeas corpus relief. Petitioner's sentences have not expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received." Therefore, the court dismissed the petition without the appointment of counsel or an evidentiary hearing. On appeal, the petitioner contests this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment

is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

As we earlier stated, the petitioner's complaints on appeal are two-fold. First, the petitioner contends that he committed the 1990 sales of cocaine while on bond for the 1989 concealing stolen property offenses. Accordingly, the petitioner maintains that the trial court allowed him to plead guilty in 1991 to concealing stolen property and the sale of cocaine offenses and imposed illegal concurrent sentences, thereby rendering his six convictions void. Second, the petitioner argues that the 1991 convictions underlie his 1994 classification as a career offender; thus, his thirty-year sentence for possession of cocaine with intent to sell is void.

Habeas corpus relief may be sought by "[a]ny person imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101 (2000). In Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004), our supreme court explained that

> a person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

The petitioner acknowledges that his sentences for the 1991 concealing stolen property and sale of cocaine offenses expired, at the latest, in 2001. Therefore, the petitioner is no longer "imprisoned" or "restrained of liberty" by those convictions for the purposes of habeas corpus relief. See Terry Lee Clifton v. State, No. W2004-01385-CCA-R3-HC, 2005 WL 1363104, at *5 (Tenn. Crim. App. at Jackson, June 9, 2005), perm. to appeal denied, (Tenn. 2005). As such, the petitioner is not entitled to relief regarding his complaint that the 1991 convictions and sentences were void.

The petitioner's second complaint concerns whether his classification as a career offender, based in part on the six 1991 convictions, renders his current thirty-year sentence for possession of cocaine with intent to sell illegal and thus void. In habeas corpus actions, "an 'illegal sentence' equates to a 'jurisdictional defect.'" McChristian v. State, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004) (quoting McLaney, 59 S.W.3d at 92). Our supreme court has explained that offender classification and release eligibility are non-jurisdictional. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). Therefore, the petitioner's second issue relating to the propriety of his classification as a career offender would at most render his thirty-year sentence voidable, not void. Jubal Carson v. David Mills, No. W2005-00745-CCA-R3-HC, 2006 WL 16306, at *5 (Tenn. Crim. App. at Jackson, Jan. 4, 2006). As such, this issue is not properly the subject of a habeas corpus petition.

See Tony Willis v. Tony Parker, No. W2004-02063-CCA-R3-HC, 2005 WL 1996637, at *3 (Tenn. Crim. App. at Jackson, Aug. 18, 2005), perm. to appeal denied, (Tenn. 2006).

## III. Conclusion

Accordingly, we conclude that the petitioner is not entitled to habeas corpus relief, and we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE