IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 25, 2006

## DWAYNE E. ANDERSON v. STATE OF TENNESSEE, RICKY BELL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 3751     Steve Dozier, Judge**

_____

**No. M2006-01223-CCA-R3-HC - Filed November 13, 2006**

_____

The Petitioner, Dwayne E. Anderson, appeals from the order of the trial court summarily dismissing his petition seeking habeas corpus relief. The trial court dismissed the petition because it determined that the petition did not state valid grounds for habeas corpus relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Dwayne Anderson, Pro Se.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record on appeal is sparse. Our recitation of the facts and procedural history is based on the allegations contained in the petition for habeas corpus relief. The petition asserts that in 1988 the Petitioner was arrested for grand larceny. He was released on bond. While on bond the Petitioner was arrested for aggravated assault. Thereafter, still during 1988, the Petitioner pleaded guilty to and was convicted of both offenses. He alleges that he received concurrent three-year sentences. It is apparent that these sentences have expired.

The Petitioner also alleges that in 1991 he was arrested for aggravated assault. He was released on bond. While on bond, the Petitioner was charged with being a felon in possession of a

handgun.  He was also released on bond for this charge.  Thereafter, in 1992, while still on bond for the other charges, the Petitioner alleges that he was again charged with aggravated assault.  In 1994, the Petitioner alleges that he pleaded guilty to and was convicted of these three charges.  He asserts that he received concurrent sentences of four years for each of these convictions.  It is apparent that these sentences have expired.

In July of 1996, following a jury trial, the Petitioner was convicted of burglary and theft of property over the value of one thousand dollars.  For these convictions, the Petitioner was sentenced to twelve years in the Department of Correction as a career offender.  Apparently, the Petitioner remains incarcerated under these sentences.

On April 28, 2006, the Petitioner filed a petition for habeas corpus relief alleging that all of the convictions described herein are void.  He alleges that his 1988 convictions for larceny and aggravated assault are void because they were based upon a plea agreement providing that the sentences were to be served concurrently.  He argues that because the aggravated assault offense was committed while he was out on bond for larceny, the trial court was required to impose consecutive sentences.  See Tenn. R. Crim. P. 32(c)(3)(C).  Likewise, he argues that his 1994 convictions are void because they were based upon a plea agreement providing that all three sentences be served concurrently.  He maintains that because two of the convictions were for offenses committed while out on bond, all three sentences were required to be served consecutively.  Id.  Finally, the Petitioner argues that because these allegedly void convictions underlie and establish his classification as a career offender, the sentences he is presently serving, twelve years at sixty percent for burglary and theft, are also void.

In denying the petition, the habeas corpus court first noted that the 1988 and 1994 convictions have expired and therefore the Petitioner is no longer imprisoned or restrained of his liberty for purposes of habeas corpus relief.  The habeas corpus court further concluded that the allegations concerning the prior convictions "would at most render his twelve year sentences voidable, not void."  The trial court therefore denied the petition for habeas corpus relief.  It is from the order of the trial court denying relief that the Petitioner appeals.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated sections 29-21-101 to -130 codify the applicable procedures for seeking a writ.  However, the grounds upon which our law provides relief are very narrow.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).  Thus, the grounds upon which habeas corpus relief will be granted are very narrow.  State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000).  It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without an evidentiary hearing, if the petition fails to demonstrate that the judgment is void.  Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

We note that this Court has previously addressed the identical issues of law argued in this appeal and have found the issues to be without merit. See Robert L. Moore v. Glenn Turner, Warden, No. W2005-01995-CCA-R3-HC, 2006 WL 473725 (Tenn. Crim. App., Jackson, Feb. 28, 2006). We conclude that both the reasoning and analysis in Moore are persuasive.

First, habeas corpus relief may be sought by "[a]ny person imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101 (2000). It is apparent that the three-year sentences received in 1988 and the four-year sentences received in 1994 have expired. Therefore, the Petitioner is no longer "imprisoned" or "restrained of liberty" by those convictions for purposes of seeking habeas corpus relief. See Terry Lee Clifton v. State, No. W2004-01385-CCA-R3-HC, 2005 WL 1363104, at *5 (Tenn. Crim. App., Jackson, June 9, 2005), perm. to appeal denied, (Tenn. 2005). As such, the Petitioner is not entitled to relief regarding his complaint that the prior convictions and sentences are void. See Hickman, 153 S.W.3d at 23.

The Petitioner's second complaint concerns whether his classification as a career offender, based upon the 1988 and 1994 convictions, renders his current twelve-year sentences for burglary and theft illegal and thus void. In habeas corpus actions, "an 'illegal sentence' equates to a 'jurisdictional defect.'" McChristian v. State, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004) (quoting McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001)). Our supreme court has explained that offender classification and release eligibility are non-jurisdictional. McConnell v. State, 12 S.W. 3d 795, 798 (Tenn. 2000). Therefore, the Petitioner's second issue relating to the propriety of his classification as a career offender would at most render his twelve-year sentences voidable, not void. Jubal Carson v. David Mills, Warden, No. W2005-00745-CCA-R3-HC, 2006 WL 16306, at *5 (Tenn. Crim. App., Jackson, Jan. 4, 2006). As such, this issue is not properly the subject of a habeas corpus petition. See Tony Willis v. Tony Parker, Warden, No. W2004-02063-CCA-R3-HC, 2005 WL 1996637, at *3 (Tenn. Crim. App., Jackson, Aug. 18, 2005), perm to appeal denied, (Tenn. 2006).

## Conclusion

Accordingly, based upon our review of the allegations contained in the petition for habeas corpus relief, we conclude that the trial court did not err by dismissing the petition. Therefore, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE