IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 3, 2006

## BRADLEY COPELAND v. TONY PARKER, Warden

**Appeal from the Circuit Court for Lake County**
**No. 06-CR-8831   R. Lee Moore, Jr., Judge**

———————————

**No. W2006-00972-CCA-R3-HC  - Filed November 27, 2006**

———————————

The Petitioner, Bradley Copeland, filed a pro se petition for a writ of habeas corpus.  The habeas court denied relief, and the Petitioner filed a timely notice of appeal.  On appeal, the Petitioner contends that he is entitled to habeas corpus relief because the trial court erred when it re-sentenced him to a longer effective sentence than he received for his original convictions, and that his guilty pleas were constitutionally defective.  Finding no reversible error, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

Bradley Copeland, Tiptonville, Tennessee, Pro Se.

Michael E. Moore, Acting Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Facts**

In 1998, the Petitioner pled guilty to aggravated burglary in case number C98-87 and burglary in case number C98-88.  He received a sentence of six months in jail followed by two years and six months on community corrections for the aggravated burglary and a sentence of six months in jail followed by one year and six months on community corrections for the burglary charge.  The Petitioner was sentenced as a Standard Range I offender in both cases, and his sentences ran concurrently with one another, for an effective sentence of three years.  Pursuant to allegations that he had violated the terms of his community corrections sentences, the Petitioner appeared in court

on July 25, 2000, acknowledged his violations, consented to a full revocation of his sentence, and signed an order in which the trial court re-sentenced the Petitioner. In this order, the Petitioner was re-sentenced to an additional ninety days in jail followed by supervised probation for the remainder of a five year sentence for his aggravated burglary conviction in case C98-87. He was re-sentenced to an additional ninety days in jail followed by the remainder of a three-year sentence on supervised probation for his burglary conviction in case C98-88. These sentences were to run concurrently with each other, resulting in an effective sentence of five years.

On November 30, 2004, the Petitioner pled guilty to theft of rental property valued at over $500 in case number C04-320 and was sentenced to two years in the Tennessee Department of Correction. He pled guilty to aggravated burglary in case number C04-321 and was sentenced to six years in the Tennessee Department of Correction as Standard Range I offender. He also pled guilty to leaving the scene of an accident in case number C04-319 and was sentenced to thirty days in jail. These sentences ran concurrently with each other, but consecutively to the sentences imposed in cases C98-87 and C98-88.

## II. Analysis

On appeal, the Petitioner contends that he is entitled to habeas corpus relief because the trial court erred when it re-sentenced him to a "greater term than his original conviction" after he agreed to the revocation of his sentences for burglary and aggravated burglary. The Petitioner also contends that he is entitled to habeas corpus relief because the trial court failed to comply with the "constitutional requirements" of a proper guilty plea.

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2003). The grounds upon which habeas corpus relief will be granted are very narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Hickman, 153 S.W.3d at 20; Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. Thus, mere clerical errors in the terms of a sentence may not give rise to a void judgment. McChristian v. State, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004).

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. State v. Davenport, 980 S.W.2d 407. 409 (Tenn. Crim. App. 1998). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In the case under submission, the preponderance of the evidence fails to establish that any of the Petitioner's convictions are void or that his prison term has expired. Contrary to the Petitioner's assertions, the trial court had the authority to enhance the Petitioner's sentence beyond the term designated in the original judgment. Pursuant to Tennessee Code Annotated section 40-36-106(e)(4) (2003), when a trial court revokes a community corrections sentence, it has the authority to re-sentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration. See State v. Samuels, 44 S.W.3d 489, 493-94 (Tenn. 2001). The record includes an order re-sentencing the Petitioner to five years in case C98-87 and to three years in case 98-88. These sentences fall within the appropriate sentencing range provided for the aggravated burglary charge (three to six years) and the burglary charge (two to four years). The Petitioner is not entitled to relief on this issue.

Finally, the Petitioner's assertion that he is entitled to habeas corpus relief because the trial court failed to comply with the "constitutional requirements" at the Petitioner's guilty pleas is without merit. As stated by the habeas court, "Petitioner makes some allegations which might be the basis for a Petition for Post-Conviction Relief, although there is no allegation for Post-Conviction Relief. Any such petition would also be time-barred. The sentences of the petitioner have not yet expired nor are they void." We agree.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the habeas court's judgment.

_____

ROBERT W. WEDEMEYER, JUDGE

-3-