IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## NATHANIEL BENTON, a/k/a, NATHAN GRAY v. TONY PARKER, Warden

**Appeal from the Circuit Court for Lake County**
**No. 04-CR-8669   R. Lee Moore, Jr., Judge**

**No. W2005-02539-CCA-R3-HC  - Filed December 15, 2006**

The Petitioner, Nathaniel Benton, a/k/a, Nathan Gray filed a pro se petition for a writ of habeas corpus. The habeas court denied relief, and the Petitioner filed a timely notice of appeal. On appeal, the Petitioner contends that his conviction and subsequent sentence for being a habitual criminal is void because the underlying convictions upon which the habitual criminal conviction is based are void. Finding no reversible error, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

Patrick McGill, Dyersburg, Tennessee, for the Appellant, Nathaniel Benton, a/k/a, Nathan Gray.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts

The Petitioner, Nathaniel Benton, a/k/a, Nathan Gray, filed a petition for the writ of habeas corpus on December 28, 2004. The Habeas Court appointed Counsel to represent the Petitioner. On August 23, 2005, the State and the Petitioner entered an "Order of Stipulation" agreeing to the following facts: On or about October 15, 1982, in Shelby County case No. 92584 the Petitioner was alleged to have committed the offense of first degree burglary and was released from the Shelby County jail on bail on November 6, 1982. On or about November 12, 1982, in Shelby County Case No. 90744, while out on bail for Case No. 92584, the Petitioner was alleged to have committed the

offense of grand larceny in Shelby County. On May 18, 1983, in case No. 92584 and case No. 90744, the Petitioner pled guilty to second degree burglary and to grand larceny. The Petitioner received a sentence of three years for each of the two convictions. His sentences for both cases were ordered to be served concurrently with each other, when by law his sentences should have been ordered to be served consecutively to each other. In May of 1988, in Case No. 88-03229, a Shelby County grand jury indicted the Petitioner for first degree burglary, grand larceny, and the charge of habitual criminal. On June 22, 1988, in Case No. 88-03229, the Petitioner was found guilty by a jury of first degree burglary and grand larceny. Because of his prior felony convictions, including cases 92584 and 90744, he was also convicted as a habitual criminal. He was sentenced to life imprisonment in the Tennessee Department of Correction.

## II. Analysis

On appeal, the Petitioner contends that he is entitled to habeas corpus relief because the two 1983 convictions used to prove his habitual criminal status are void because the trial court was without jurisdiction to enter concurrent sentences. The Petitioner asserts that because the 1983 convictions that were used to "trigger" the Petitioner's status as a habitual criminal are void, then so is the habitual criminal judgment. The State contends that because the two 1983 judgments and sentences that the Petitioner challenges have expired, the Petitioner is not "imprisoned" under the challenged judgments, and his complaint is merely a collateral consequence of the challenged judgments. The State argues that, consequently, the Petitioner is not entitled to habeas corpus relief. We agree with the State.

Article I, Section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2003). The grounds upon which habeas corpus relief will be granted are very narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Hickman, 153 S.W.3d at 20; Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. Thus, mere clerical errors in the terms of a sentence may not give rise to a void judgment. McChristian v. State, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004).

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. State v. Davenport, 980 S.W.2d 407, 409

(Tenn. Crim. App. 1998). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In Hickman, our Supreme Court determined that "a person is not 'restrained of liberty' for the purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." Hickman, 153 S.W.3d at 23. "Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." Id. The Hickman case further states, "However, when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." Id.

In Terry Lee Clifton v. State, No. W2004-01385-CCA-R3-HC, 2005 WL 1363104 (Tenn. Crim. App., at Jackson, Jun. 9, 2005), *perm. app. denied* (Tenn. Nov. 28, 2005), this Court considered whether a petitioner could challenge a habitual criminal conviction that was based upon allegedly void predicate sentences. The Clifton Court arrived at the following conclusion:

> Applying Hickman to the present case, we conclude that the petitioner may not use the writ of a habeas corpus to attack his pre-1983 convictions because the sentences on those earlier, predicate convictions have been served and have expired . . . .
>
> One significant upshot of this determination is that the habeas corpus court has no authority to scrutinize the face of the record *of the predicate convictions* to determine whether the judgments therein imposed were void. See Hickman, 153 S.W.3d at 27 (reaffirming the "well-settled principle that a judgment is void only if the face of the judgment or the record of the proceedings clearly reflects that the court lacked jurisdiction to render the judgment or that the sentence is expired").
>
> That said, we conclude that neither Hickman nor any other tenet of habeas corpus law of which we are aware bars the petitioner from attacking the 1983 habitual criminal conviction. In adjudicating a habeas corpus attack upon this . . . judgment, the court must determine whether the face of the judgment or record of that proceeding reflects that the trial court lacked jurisdiction to impose the judgment . . . . Because this determination necessarily entails an adjudication that the predicate convictions exist, the habeas corpus court determines whether the face of the habitual criminal judgment or record evinces the existence of the predicate convictions as jurisdictional bases, and because the predicate convictions-or any other convictions-may not emanate from void judgments, the habeas corpus court is called upon, when the predicate conviction judgments appear on the face of the habitual criminal proceeding record, to assure that nothing appears on the face of the record that indicates voidness of the preceding judgments.

Id. at *5 (footnote omitted).

In accordance with <u>Clifton</u> and <u>Hickman</u>, we have examined the face of the habitual criminal judgment and the record of the habitual criminal judgment, and we have determined that nothing appears on the face of the record or judgment in the habitual criminal proceeding to indicate that the habitual criminal judgment is void. Further, we conclude, as did the habeas corpus court, that the sentences on the "predicate" convictions have clearly expired and thus the Petitioner is no longer in custody as a result of those judgments. Accordingly, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the Circuit Court for Lake County.

_____
ROBERT W. WEDEMEYER, JUDGE