# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2010

## RICHARD REHAGEN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-0176     Joe Walker, Judge**

**No. W2009-02176-CCA-R3-HC  - Filed October 8, 2010**

Petitioner Richard Rehagen filed a pro se habeas corpus petition challenging the validity of his guilty pleas to one count of first degree murder, one count of attempted first degree murder, and one count of aggravated arson. He now appeals the habeas court's decision to summarily dismiss the petition for failing to state a cognizable claim. Upon review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Richard Rehagen, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Finley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; for the appellee.

## OPINION

Petitioner did not include any records from his underlying case in his petition or the record on appeal. From the record before us, including this court's opinion in Petitioner's prior post-conviction relief case, we gather that Petitioner pled guilty to one count of first degree murder, one count of attempted first degree murder, and one count of aggravated arson. Richard Rehagen v. State, No. W2003-00894-CCA-R3-PC, 2003 WL 22794527, at *1 (Tenn. Crim. App. at Jackson, Nov. 19, 2003). He was sentenced to life in prison without parole for the murder conviction and consecutive twenty-five year sentences for the other counts.

According to the petition, Petitioner was indicted on May 9, 2000, and shortly

thereafter the State filed a notice that it intended to seek the death penalty. Petitioner claims that his appointed counsel, the State, and the trial court all repeatedly advised him that the State would pursue the death penalty if he did not plead guilty. He further claims that his trial counsel informed him that he would likely receive the death penalty if he went to trial. Those repeated warnings and Petitioner's fear that he would indeed be sentenced to death compelled him to plead guilty and accept a sentence of life without parole.

Petitioner claims that he was deceived because he was never actually in danger of receiving the death penalty. Petitioner alleges that he underwent a psychological evaluation prior to entering his plea in order to determine whether he was competent to stand trial and that the results of that evaluation indicated that he had an intelligence quotient (I.Q.) of sixty-nine. Citing Tennessee Code Annotated section 39-13-203(a), he contends that his I.Q. made him ineligible for the death penalty.[1] He therefore concludes that he was coerced into pleading guilty based on inaccurate information and, consequently, that the judgments rendered against him are void.

The habeas court summarily dismissed the petition without a hearing. It first ruled that the petition was deficient because it failed to comply with certain mandatory procedures. In particular, Petitioner failed to attach the challenged judgment or record. Second, noting that Petitioner's sentence had not yet expired and that the fraud Petitioner alleged did not involve the trial court's jurisdiction, the habeas court found that nothing in the petition alleged that the trial court lacked authority to enter the judgment. Finally, the court concluded that even if it were to construe the petition as one for post-conviction relief, Petitioner fared no better because he had already filed such a petition.

On appeal, Petitioner asserts that the habeas court erred in concluding that an involuntary plea claim does not state a cognizable basis for habeas relief, citing our supreme court's decision in Anglin v. Mitchell, 575 S.W.2d 284 (1979). He also asserts that the habeas court erred in dismissing the petition without first appointing counsel.

Upon review, we conclude that the habeas court did not err in dismissing the petition.

We first conclude that the habeas court did not err in disposing of the case without

---

[1] We note that "[s]ignificantly subaverage general intellectual functioning as evidenced by a functional intelligence quotient (I.Q.) of seventy (70) or below," Tenn. Code Ann. § 39-13-203(a)(1), is just one of three criteria that Petitioner would have to meet in order to satisfy the definition of "mental retardation" under section 203(a). We also note that, since Petitioner's conviction, the legislature has substituted "intellectual disability" for the phrase "mental retardation." See 2010 Pub. Acts, c. 734, § 1 (eff. Apr. 9, 2010).

appointing counsel. "There is no federal or state constitutional right to counsel in a habeas corpus proceeding." Summers v. State, 212 S.W.3d 251, 260 (Tenn. 2007). Indeed, a habeas petitioner is not entitled to counsel even when he states a cognizable claim. See id. at 261. Instead, "[a]ppointment of counsel in a state habeas corpus proceeding is within the trial court's discretion." Id. at 260. The habeas court did not abuse that discretion here. However, because Petitioner is proceeding pro se, we will give his petition the benefit of liberal construction, as we must under Haines v. Kerner, 404 U.S. 519, 520 (1972).

We next conclude that the habeas court did not err in dismissing the petition. As an initial matter, we note that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
> (b) The petition shall state:
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Here, Petitioner failed to attach either the judgment or the underlying record to his petition, as is required by subsection (b)(2). Because, as we have explained, Petitioner was not entitled to counsel, we reject his argument that the trial court erred in not accepting his request that counsel be appointed in order to obtain the relevant documents on his behalf. "[S]ummary dismissal may be proper when . . . the petitioner fails to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support his factual claim." Summers, 212 S.W.3d at 254. The trial court thus did not err in dismissing the petition on procedural grounds.

Even if we looked beyond Petitioner's procedural errors, he fares no better. The petition failed to state a cognizable claim for habeas relief.

The determination of whether to grant such relief is a question of law that we review de novo. See Davis v. State, 313 S.W.3d 751, 755 (Tenn. 2010); Summers, 212 S.W.3d at 255. It is Petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Despite the habeas statute's "broad language, the grounds upon which habeas corpus relief will be granted are narrow." Davis, 313 S.W.3d at 758 (quotation marks omitted). Indeed, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008); Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

Petitioner's claim that his plea was involuntary does not state a cognizable claim for habeas relief. "Voluntariness of the plea . . . has no relevance in a habeas corpus proceeding." Summers, 212 S.W.3d at 259. Our courts have long held that "challenges to the voluntariness of guilty pleas" merely assert a claim that the judgment is *voidable*, not that it is *void*. Archer, 851 S.W.2d at 164; see also McChristian v. State, 159 S.W.3d 608, 611 (Tenn. Crim. App. 2004); Passarella v. State, 891 S.W.2d 619, 627-28 (Tenn. Crim. App. 1994), superseded on other grounds as stated by State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

Petitioner's reliance on Anglin is misplaced. While that case does contain dicta stating that habeas corpus relief may be available to address errors regarding "certain fundamental constitutional rights," 575 S.W.2d at 287, that proposition has since been squarely contradicted by our supreme court, see Archer, 851 S.W.2d at 163 (noting that the supreme court "has not chosen to follow the unsupported dicta in Anglin in the years since the release of that opinion").

-4-

Habeas corpus is simply not the proper mechanism to address Petitioner's claim. Rather, the proper procedure would have been through our post-conviction relief process. See id. at 164; see also McChristian, 159 S.W.3d at 611. Indeed, the limited nature of our habeas corpus remedy is precisely why our legislature adopted the Post-Conviction Procedure Act. See Edwards, 269 S.W.3d at 919-20.

However, construing Petitioner's claim as one for post-conviction relief still provides Petitioner no relief. The petition would be barred by the statute of limitations. See Tenn. Code Ann. § 40-30-102(a). Moreover, he has already filed a petition for post-conviction relief contending that his plea was invalid, see Rehagen, No. W2003-00894-CCA-R3-PC, 2003 WL 22794527, at *1, and he cannot do so again, see Tenn. Code Ann. § 40-30-106(b).

We affirm the habeas court's dismissal of the petition.


_____
NORMA McGEE OGLE, JUDGE