IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2013

**REGINALD D. HUGHES v. DWIGHT BARBEE, WARDEN**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6586     Joseph H. Walker, III, Judge**

**No. W2012-01767-CCA-R3-HC  - Filed July 19, 2013**

Petitioner, Reginald D. Hughes, appeals from the trial court's summary dismissal of the *pro se* third petition for habeas corpus relief filed by Petitioner.  After a thorough review of the record and the briefs, we affirm the judgment of the habeas corpus trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Reginald D. Hughes, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Mike Dunavant, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**Background**

Petitioner's long history of litigation was recounted in this Court's opinion in the appeal of the denial of Petitioner's second petition for post-conviction relief:

On October 8, 1987, the petitioner was convicted of two counts of second-degree murder. For these convictions, the petitioner was sentenced to two consecutive terms of thirty years as a Range I, standard offender. His convictions and sentences were affirmed on direct appeal. *See State v. Reginald Dion Hughes,* No. 96, 1988 WL 132698 (Tenn.Crim.App., at

Jackson, Dec. 14, 1988), *perm. app. denied* (Tenn. Apr. 3, 1989). The petitioner unsuccessfully sought post-conviction relief. *See Reginald Dion Hughes v. State,* No. 02C01-9201-CR-00005, 1992 WL 368651 (Tenn.Crim.App., at Jackson, Dec. 16, 1992), *perm. app. denied* (Tenn. May 3, 1993). The petitioner was also unsuccessful in seeking relief in the form of writ of habeas corpus. *See Reginald D. Hughes v. David Mills, Warden,* No. W2003-02486-CCA-R3-HC, 2004 WL 547010 (Tenn.Crim.App., at Jackson, Mar. 19, 2004), *perm. app. denied* (Tenn. Aug. 30, 2004).

The petitioner, proceeding pro se, filed his second petition for writ of habeas corpus on August 13, 2007. The petitioner alleged that his consecutive thirty-year terms were illegal and void because the court lacked authority to order his sentences to run consecutively. On August 21, 2007, the circuit court, by order, found that the petitioner had previously sought relief via direct appeal, post-conviction petition, and petition for writ of habeas corpus. The circuit court further found that the trial court had jurisdiction to sentence the petitioner, and the petitioner's sentences were not expired. The court then dismissed the petition. It is from the court's order of dismissal that the petitioner now appeals.

*Reginald Dion Hughes v. Parker*, No. W2007-02022-CCA-R3-HC, 2008 WL 1722454 (Tenn. Crim. App. April 14, 2008) *perm. app. denied* (Tenn. Oct. 27, 2008). This court affirmed the judgment of the trial court. *Id.*

On July 26, 2012, Petitioner filed a third petition for writ of habeas corpus. He argued that his two sentences for second degree murder were illegal because the judgment forms indicate "an erroneous adjudication of Thirty (30), years **Range I, as a Persistent and Especially Aggravated Offender**, *which mandates RANGE II.* (Emphasis in original). In other words, he argued that the judgment forms indicated that he was both a Range I and a Range II offender. He noted that the face of the judgment sheets for both charges "established the Petitioner as an ILLEGALLY HYBRID OFFENDER, of **Standard**, Persistent, and Especially Aggravated. (emphasis in original). Petitioner further contended that the Department of Correction had determined him to be a Range II offender, and therefore, his thirty-year sentences were illegal for Range II, which required a minimum sentence of thirty-five years.

The trial court dismissed the petition. The order dismissing the petition contained the following:

The defendant alleges that the sentence was illegal. He attached the sentencing hearing transcript, where the judge stated that: "upon the jury having found you guilty of Murder in the Second Degree in both indictments, it is the judgment of the Court you must be confined thirty years in the Department of Corrections, standard offender, Range One. And, also, that they must, under the law and the facts and circumstances, be served consecutively." That is not an illegal sentence under the applicable sentencing act.

**Analysis**

On appeal, Petitioner raises the same issue. He also argues that the trial court erred by ordering his sentences to be served consecutively and that the sentencing court lacked authority "to duplicitously [sic] attached [sic] **multiple victim** enhancements to separate indictments." (emphasis in original)

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers*, 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id*. at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes*, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

Petitioner argues that his judgments reflect both a Range I and Range II offender classification. Our review of the judgment forms in question indicate that while the lines were inartfully drawn, the trial court marked out "Range II" on both forms. As pointed out by the State, the "Range I" line is clearly unmarked on one form and "is arguably unmarked on the other judgment, though the marking is a little haphazard." In any event, this Court has previously determined that Petitioner's judgment forms indicate that he was sentenced to two thirty-year sentences as a Range I offender. *Reginald D. Hughes v. Mills*, No. W2003-02486-CCA-R3-CD, 2004 WL 547010 (Tenn. Crim. App. Mar. 19, 2004) *perm. app. denied* (Tenn. Aug. 30, 2004); *Reginald Dion Hughes v. Parker*, No. W2007-02022-CCA-R3-CD, 2008 WL 1722454 (Tenn. Crim. App. April 14, 2008) *perm. app. denied* (Tenn. Nov. 24, 2008). In the appeal of the denial of Petitioner's 2004 habeas petition, this Court noted that Defendant's sentence as a Range I offender and the Department of Correction's determination that Petitioner was a Range II offender had to be resolved through the Administrative Procedures Act. *Reginald Dion Hughes v. Parker*, 2008 WL 1722454 at \*2.

The transcript of the sentencing hearing, attached to Petitioner's petition, reflects that the trial court sentenced Petitioner to "thirty years in the Department of Corrections, standard offender, Range one." If there was a discrepancy on the judgment forms concerning whether Petitioner was a Range I or a Range II offender, the transcript of the sentencing hearing would control. *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991)(when there is a conflict between the court minutes and the transcript of the proceedings, the transcript controls). As pointed by the State, under the 1982 Sentencing Act, a Range I sentence for second degree murder was ten to thirty-five years, and a Range II sentence being thirty-five years to life. Therefore, Petitioner's thirty-year sentence as a Range I offender was not illegal. *McChristian v. State*, 159 S.W.3d 608, 612 (Tenn. Crim. App. 2004).

Petitioner also argues that the trial court erred in imposing consecutive sentences and that the trial court lacked authority to apply the "multiple victim" enhancement to his sentences. However, these issues were not raised in the trial court and are now waived. Tenn. R. App. P. 36(a). We also point out that on direct appeal a panel of this Court determined that consecutive sentences were appropriate in Petitioner's case. *State v. Reginald Dion Hughes*, No. 96, 1988 WL 132698 (Tenn. Crim. App. Dec. 14, 1988) *perm. app. denied* (Tenn. April 3, 1989).

It is obvious that nothing in the record indicates that Petitioner's conviction or sentence is void. The habeas corpus trial court may summarily dismiss a habeas corpus petition without an evidentiary hearing if there is nothing on the face of the record or judgment to indicate that the conviction or sentence are void. *Passarella* v. State, 891

S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also* Tenn. Code Ann. § 29-21-109 (2010 Repl.).  Petitioner is not entitled to relief on appeal. The judgment of the habeas corpus trial court is affirmed.

                                                       _____

                                                       THOMAS T. WOODALL, JUDGE